UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HOLLY R. T.,[1]

        **Plaintiff,**

    v.                               **Civil Action 2:25-cv-691**
                                         **Magistrate Judge Chelsey M. Vascura**

COMMISSIONER OF SOCIAL
SECURITY,

        **Defendant.**

**OPINION AND ORDER**

     Plaintiff, Holly R. T. ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for a supplemental security income ("SSI"). This matter is before the Court on Plaintiff's Statement of Errors (ECF No. 8), the Commissioner's Memorandum in Opposition (ECF No. 9), Plaintiff's Reply (ECF No. 10), and the administrative record (ECF No. 7). For the reasons that follow, the Commissioner's non-disability determination is **AFFIRMED**.

**I.      BACKGROUND**

     Plaintiff filed her SSI application in 2022, initially alleging that she has been disabled since July 1, 2005, and later amending her alleged onset date to July 6, 2022. (R. at 231–36, 260.) After Plaintiff's application was denied initially and upon reconsideration, an Administrative Law Judge ("ALJ") held a telephonic hearing on May 14, 2024, at which

---

[1] Pursuant to this Court's General Order 22-01, any opinion, order, judgment, or other disposition in Social Security cases shall refer to plaintiffs by their first names and last initials.

Plaintiff, who was represented by counsel, appeared and testified. (*Id*. at 41–73.) A vocational expert ("VE") also appeared and testified. On March 19, 2024, the ALJ issued an unfavorable determination, which became final on June 7, 2024, when the Appeals Council denied Plaintiff's request for review. (*Id*. at 13–40, 2–7.)

Plaintiff seeks judicial review of that unfavorable determination. She contends that the ALJ reversibly erred because he failed to consider the entire record. (Pl.'s Statement of Errors 5–7, ECF No. 8.) Plaintiff's contention of error lacks merit.

## II.      THE ALJ'S DECISION

The ALJ issued the unfavorable determination on June 7, 2024. (R. at 13–40.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff had not engaged in substantial gainful activity since her July 6, 2022 protective filing date. (*Id*. at 18.) At step two,

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence.  *See* 20 C.F.R. §§ 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

the ALJ found that Plaintiff had the following severe medically determinable impairments: a depressive disorder with panic; a posttraumatic stress disorder (PTSD); borderline intellectual functioning (BIF); lumbar strain; knee strain; and obesity. (*Id*. at 19.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*.)

The ALJ then set forth Plaintiff's residual functional capacity ("RFC")[3] as follows:

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant could occasionally climb ramps and stairs, but would be precluded from climbing ladders, ropes, and scaffolds. The claimant could occasionally stoop, kneel, and crouch, but should avoid crawling. The claimant should avoid balancing as defined by the SCO. The claimant could perform simple, routine tasks but not at a production rate pace, such as one has with assembly line work. The claimant could tolerate occasional interaction with supervisors and coworkers where interactions would be superficial defined here as limited to the straightforward exchange of information, without negotiation, persuasion, conflict resolution, close teamwork, tandem work, or over the shoulder supervision. The claimant should avoid interaction with the public. The claimant could tolerate no more than occasional changes in duties and the work setting.

(*Id*. at 2–22.) At step four, the ALJ determined that Plaintiff had no past relevant work. (*Id*. at 32.) The ALJ then relied on the VE's testimony at step five to determine that considering her age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform including the representative jobs of marker, routing clerk, and inspector/hand packager. (*Id*. at 33.) Accordingly, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act during the relevant time frame. (*Id*. at 34.)

---

[3] A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations" "on a regular and continuing basis." 20 C.F.R. § 416.945(a)(1), (b)–(c).

## III.     STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm a decision by the Commissioner as long as it is supported by substantial evidence and was made pursuant to proper legal standards." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014) (cleaned up); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). While this standard "requires more than a mere scintilla of evidence, substantial evidence means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 561 (6th Cir. 2022) (cleaned up) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "examine[ ] the record as a whole and take[ ] into account whatever in the record fairly detracts from the weight" of the Commissioner's decision. *Golden Living Ctr.-Frankfort v. Sec'y Of Health And Hum. Servs.*, 656 F.3d 421, 425 (6th Cir. 2011) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, where "substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

4

## IV.    ANALYSIS

As previously explained, Plaintiff contends that the ALJ committed reversible error by failing to consider the entire record. (Pl.'s Statement of Errors 5–7, ECF No. 8.) The Court disagrees.

At the May 14, 2024 hearing, the ALJ accepted exhibits into evidence and agreed to keep the record open for fourteen days to allow Plaintiff to submit additional medical records. (R. at 44–45.) After the hearing, Plaintiff submitted 708 pages of documents from Brightview, a Non-residential Substance Abuse Treatment Facility in Lancaster, Ohio ("Brightline"). These materials were admitted as Exhibit 28F. (*Id*. at 1031–1738.)

Plaintiff contends that the ALJ failed to adequately consider Exhibit 28F. In support, she notes that the ALJ only cited Exhibit 28F four times in his determination and did so in a general, rather than specific, manner. (Pl.'s Statement of Errors 5–7, ECF No. 8.)

Plaintiff's contention is not well taken. It is well established that an ALJ is not required to discuss every piece of evidence in the record to demonstrate that it was considered. *See Kornecky v. Comm'r of Soc. Sec.,* 167 F. App'x. 496, 507-08 (6th Cir. 2006) ("[I]t is well settled that[ ] 'an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.'"); *Loral Defense Sys.-Akron v. N.L.R.B*, 200 F.3d 436, 453 (6th Cir. 1999) ("[T]hat the ALJ's opinion failed to discuss all of the testimony and evidence presented to him does not mean that the ALJ 'failed to consider' the evidence."); *Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 489 (6th Cir. 2005) ("[A]lthough required to develop the record fully and fairly, an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered.") (quoting *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004)).

5

In any event, the ALJ explicitly stated that he considered the post-hearing evidence, including Exhibit 28F. The ALJ wrote as follows:

> At hearing, the attorney requested additional time to submit relevant medical evidence. The undersigned granted the request. Subsequent to hearing, the attorney submitted the evidence to the record and the undersigned appropriately included the evidence into the formal record at Exhibits 27F and 28F. The undersigned closed the record and issued this decision. It should be noted the undersigned appropriately considered the post hearing evidence when making this decision.

 (R. at 16.)

> The ALJ also generally described Exhibit 28F, writing as follows:

> It should be noted the claimant had a history of substance abuse and was routinely participating in ongoing substance abuse intervention, including individual and group substance abuse therapy to keep her substance abuse in remission (Exhibit 28F). While meeting providers for this intervention, the intervention did not delve into her mental health specific diagnoses or residual symptoms but largely discussed her substance abuse cessation, potential for relapse, and cravings for substance use, as well as her recurrent use of Suboxone medication (Exhibit 28F).

(*Id*. at 26.)

Plaintiff challenges the ALJ's description of the Brightview records by attacking the accuracy of the ALJ's statement that the Brightview records did not "delve into [Plaintiff's] health specific diagnoses or residual symptoms." (Pl.'s Statement of Errors 6, ECF No. 8.) But the Court finds that the ALJ's statement was fair and defensible because the records consistently indicated that Plaintiff's mental health treatment was managed by providers outside of Brightview.

For example, Plaintiff reported to counselors at Brightview that her primary care physician was prescribing her Xanax until she could secure a mental health provider. (R. at 1486, 1495, 1504.) During periods when Plaintiff was not being treated by a mental health provider, the Brightview records regularly indicated that one of her goals was to obtain mental health treatment, including treatment from a doctor who could prescribe her mental health medications.

6

(*See e.g.*, *id.* at 1041, 1087, 1113, 1124, 1130, 1135, 1153, 1172, 1191.) Plaintiff also reported to substance abuse counselors at Brightview that she had secured an appointment for mental health treatment with Mid-Ohio Behavioral. (*Id.* at 1397, 1415.) Other Brightview records indicate that Plaintiff was under the care of Mid-Ohio Behavioral or that she "[saw] a provider for her mental health outside Brightview, that prescribed her Xanax for her anxiety." (R. at 1210, 1230, 1240, 1037, 1201, 1220–21, 1240.)

Nor do the Brightview records cited by Plaintiff demonstrate that the ALJ failed to consider them. Plaintiff points to a December 4, 2023 treatment note indicating that she was reportedly anxious and "going to lose her mind" after her children contracted bed bugs. (Pl.'s Statement of Errors 6, ECF No. 8; R. at 1086.) She also points out that the Brightview records documented her anxiety, depression, and depression scores. ((Pl.'s Statement of Errors 6, ECF No. 8–9; R. at 1111, 1214–1216.) But these records do not constitute medical opinions or functional assessments. And thus, the ALJ was not required to discuss them.

Instead, the ALJ was required to consider the record in its entirety. The ALJ explicitly indicated that he assessed Plaintiff's RFC after "careful consideration of the entire record" and that he had appropriately considered the post-hearing evidence including the Brightview records. (R. at 19, 21–22.) This was sufficient. Plaintiff's assertion to the contrary lacks merit.

## V.    CONCLUSION

For these reasons, the Court **OVERRULES** Plaintiff's Statement of Errors and **AFFIRMS** the Commissioner of Social Security's decision.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE